No. 9922.
Orleans Appeal.

EARL MINDERHOUT v. JACOB FALLO.

(March 16, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Laws—Par. 72, 75.**
A contract by which "A", a licensed real estate broker, agrees with "B", not such a broker, to share his commissions with "B", who has assisted him in a sale of real estate, is not a transaction prohibited by Act 236 of 1920, and "A" connot repudiate his agreement on the ground that "B" at the time of the agreement was not a licensed broker.
    Bosetta vs. Jacobs, 9664 Orl. App.

Appeal from the First City Court for the City of New Orleans, Section "A", Hon. Leon L. Labatt, Judge.

This is a suit to recover one-half of commission earned by a broker under a contract with him.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Jos. Rosenberg, attorney for defendant and appellant.

Woodville & Woodville, attorneys for plaintiff and appellee.

BELL, J. Plaintiff sues defendant for one-half of a certain commission earned by the latter as a licensed real estate broker, doing business in the City of New Orleans.

The petition sets forth that plaintiff, while also a licensed real estate broker, succeeded, with the assistance and co-operation of the defendant, in consummating a certain real estate transaction, for which commissions were earned in the sum of $380.00; that plaintiff had found for the purchaser the property ultimately bought, and that at the purchaser's request, plaintiff agreed to share his commissions with the defendant, who had shown to the purchaser certain property on the same street, but not as desirable as that which plaintiff had first made known to the purchaser; that under this agreement, both plaintiff and defendant called on the owner of the property and were engaged by him to negotiate with plaintiff's client for the purchase of the property; that in the ultimate transaction, defendant received the full commissions, which defendant now refuses to share with plaintiff, as agreed upon.

Defendant answers by denying generally the allegations of plaintiff's petition, and then specifically answering, avers that plaintiff in no manner assisted in, aided or brought about the sale of the property involved, but that defendant's efforts were alone the procuring cause of the sale.

There was judgment for plaintiff as prayed for, that is, in the sum of $190.00, or one-half of the total commissions. Defendant has appealed.

Only issues of fact are involved in this case. The sole question for determination is whether the agreement for a division of commissions was made. Plaintiff's claim is upon an alleged contract and not upon a *quantum meruit* for services rendered to defendant. The latter's special defense that his efforts alone were the procuring cause of the sale is not, therefore, responsive to the petition. Only the litigants in this case have testified as to the alleged contract. The plaintiff's evidence is positive and direct, while defendant's is contradictory and evasive.

While defendant denies that he had any specific agreement to divide the commissions, his subsequent admission while under examination by the trial judge, shows conclusively that he was to divide the brokerage, but refused to do so upon the excuse that he discovered after the sale was consummated that plaintiff was, in fact, not a licensed real estate agent or broker. This defense was not pleaded, but had it been, there is nothing in Act 236 of 1920 which would strike with nullity the valid agreement which, we are satified from the evidence, existed between the parties. It matters not whether plaintiff was a licensed broker. Our appreciation of the law on this point has been recently expressed in Bosetta vs. Jacobs, 9664 Orl. App., and we find full justification for applying the ruling therein made to the facts of this case.

It is, therefore, ordered that the judgment appealed from herein be and the same is hereby affirmed, at defendant's costs in both courts.

———

### DISSENTING OPINION.

WESTERFIELD, J. I am of opinion that plaintiff's action is barred by the provisions of Act 236 of 1920. I therefore respectfully dissent.